# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL J. BOLGER,

    Plaintiff,

vs.                                                                                  Civ. No. 98-768 BB/WWD

THE HOME DEPOT, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's "Motion to Excuse Plaintiff's Request for Jury Trial and to Note Jury Trial in the Case Records," filed December 28, 1998 **[docket # 16]**.

Plaintiff, who is proceeding *pro se*, does not dispute the fact that this request for a jury trial is untimely. His demand for a jury trial would have been due by November 18, 1998, ten days after Defendant filed the Answer on November 3, 1998 [docket #10], making the jury demand late by close to six weeks. See Fed.R.Civ.P. 38(b) and 38(d) (failure to serve and file a jury demand within 10 days "after the service of the last pleading directed to such issue" is deemed a waiver by the party of a jury trial). Plaintiff has not previously requested a jury trial, either in his complaint or in a pleading filed a month after the Answer, self-styled as a "Motion of Rebuttal" to the Answer.[1] Even if the deadline were calculated from the date this "Motion of Rebuttal" was filed, December 3, 1999, the jury demand would still be untimely by almost two weeks.

---

[1] Defendant has filed a motion to strike this "reply," which the Court will address in a separate order.

Under Rule 39(b), the Court has discretion upon motion to order a trial by jury of any or all issues. See Green Construction Co. v. Kan. Power & Light et al., 1 F.3d 1005, *1011 (10th Cir. 1993). However, where the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party, relief is not usually justified. See Nissan Motor Corp. in U.S.A. v. Burciaga, 982 F.2d 408 (10th Cir. 1992) (district court did not abuse discretion in denying untimely request for jury trial where Plaintiff offered no excuse for the delay other than mere inadvertence, oversight, or the mistaken assumption that a jury had been initially requested); Dill v. City of Edmond, 155 F.3d 1193 (10th Cir. 1983). Thus, Plaintiff's plea here of ignorance in that his "limited legal education" did not take place in the United States, does not sufficiently persuade me that Plaintiff's request should be granted. Nor does Plaintiff's *pro se* status excuse him from failure to follow the fundamental rules of civil procedure. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994), cert. denied, 513 U.S. 1090 (1995); cmp., Jolivet v. Deland, 966 F.2d 573, 578 (10th Cir. 1992) (*pro se* plaintiff in civil rights action waived right to jury trial on issue of damages by failing to demand jury).

**WHEREFORE,**

**IT IS ORDERED** Plaintiff's "Motion to Excuse Plaintiff's Request for Jury Trial and to Note Jury Trial in the Case Records" **[docket # 16]** be, and hereby is, DENIED.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE